**Sadie KATZ, Plaintiff,**

**v.**

**UNITED STATES of America et al., Defendants.**

**Civ. No. 64–59.**

United States District Court
S. D. California,
Central Division.

Feb. 11, 1966

Norton A. Kesten, Los Angeles, Cal., for plaintiff.

Manuel L. Real, U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Section, Donald M. Fenmore, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

IRVING HILL, District Judge.

Defendant's Motion for Summary Judgment, filed January 11, 1966, came

on for hearing on January 28, 1966, counsel for both sides being present, and the Court having heard the argument of counsel and having considered the memoranda of points and authorities, affidavits and other documents filed in connection therewith, finds the following facts and states the following conclusions of law:

### FINDINGS OF FACT

1. This Court has jurisdiction over the subject matter under Title 28 U.S.C. § 1346(a) (1).

2. Counsel for both sides have conceded in oral argument that there are no contested issues or questions of material fact remaining in the case and that the only issue in the case is an issue of law which may and properly should be decided by summary judgment, both sides having moved for such summary judgment. A transcript of the argument of counsel will be filed.

3. Plaintiff was the wife of Leroy J. Katz, who died on February 27, 1960. On that date both husband and wife were residents of California, domiciled in this District.

4. On August 24, 1956, a trust was established by Leroy J. Katz, as Trustor, embodied in a written Declaration of Trust, with the Title Insurance and Trust Company as Trustee. Said Declaration of Trust and the Amendments thereto are Exhibit "A" of Defendant's first Motion for Summary Judgment filed September 14, 1965.

5. Section Four of the said Declaration of Trust provided that the Trustor, Leroy J. Katz, retained rights to the property transferred to the trust, including the right to "collect, receive, and disburse, without accounting to the Trustee *or any other person,* all income" from the property. [Emphasis Supplied]

6. Section Thirteen of the said Declaration of Trust reserved the right in the Trustor, Leroy J. Katz, "to revoke, terminate or amend" the trust.

7. Plaintiff, having been advised by counsel, executed the original Declaration of Trust by signing a portion thereof headed "Approval of Wife" in which she expressed full approval of the Declaration of Trust.

8. Pursuant to the aforesaid right of Leroy J. Katz as Trustor to amend the trust, he requested amendment thereof on two separate occasions, i. e. April 27, 1957, and October 21, 1958, each of which amendments were evidenced in writing in a document entitled "Partial Amendment". Plaintiff on each occasion signed a consent to the Partial Amendment under the heading "Consent of Trustor's Wife to Partial Amendment", which provided that Plaintiff "[does] hereby consent to and fully approve the foregoing Partial Amendment". On each of these occasions Plaintiff was advised by counsel.

9. Plaintiff concedes and the Court finds that no oral or collateral agreements between the parties existed concerning the trust or the property which was the res of the trust, or which were at variance with the terms of the trust, and that the trust expresses the full intent of the parties. (See Deposition of Plaintiff taken on November 17, 1965, p. 29, line 17, et seq., incorporated in Defendant's Memorandum in Support of Motion for Summary Judgment filed January 11, 1966.)

10. Defendant concedes arguendo, and the Court has assumed in deciding this motion, that prior to the execution of the Declaration of Trust, Exhibit "A", the property placed in said trust was the community property of the husband and wife.

11. By virtue of the execution of the trust agreement, the property transferred to the trust became the separate property of the decedent, Leroy J. Katz, since, under the terms of the trust, he was accorded the right solely to enjoy the income from the trust and was given the power to revoke, terminate or amend the trust. These rights and powers vested in the said decedent control of, and the beneficial enjoyment of, all of the trust property.

12. The intent and primary purpose of Leroy J. Katz and Plaintiff in executing the trust agreement was that their

children should have the ultimate ownership of all of the trust property. Plaintiff has failed to assert any right she may have had to withhold her consent or approval, or to set aside the trust during decedent's lifetime, or after his death. Plaintiff is accepting the benefits afforded to her under the trust and has been receiving said benefits since the decedent's death.

13. Any finding of fact which may be deemed to be or is a conclusion of law, is adopted as a conclusion of law.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over both the parties and the subject matter.

■ 2. The entire trust property was validly and properly taxable, for estate tax purposes, in the estate of the decedent, Leroy J. Katz. 26 U.S.C. §§ 2036, 2038.

■ 3. In the absence of any underlying oral or collateral agreements changing the effect of the express, written terms of the Declaration of Trust, the necessary legal effect of Plaintiff's approval of the trust instrument was to part with her interest in the community property transferred to the trust. Kirkwood v. Bank of America, 43 Cal.2d 333, 339–340, 273 P.2d 532 (1965); Cf. Metzger v. Vestal, 2 Cal.2d 517, 522–523, 42 P.2d 67 (1935); Schindler v. Schindler, 126 Cal.App.2d 597, 604, 272 P.2d 566 (1954).

4. Plaintiff contends that if the property placed in the trust was community property at the time of the creation of the trust, the terms of the trust are compatible with its continuing status as community property. This contention is not well founded and is at total variance with the terms of the trust and its legal effect. Plaintiff further contends that the power which the trust agreement granted to the decedent over the property could necessarily be exercised only on behalf of and in trust for the community. This contention is likewise not well founded. As previously found, there were no collateral agreements imposing such limitation on the power vested by the trust agreement in the decedent and there is no such limitation implied in law since the property ceased to be community property when the trust was established.

5. Plaintiff relies on United States v. Goodyear, 99 F.2d 523 (9th Cir. 1938). The decision therein is not authority on the instant question and avails Plaintiff nothing. The trust agreement therein involved was of an entirely different type and was for the purpose of vesting in the wife an interest in one-half of the community property which was pre-1927 community property. The wife had no vested interest in pre-1927 community property. The trust in *Goodyear* had the effect of so vesting and confirming the wife's ownership and control of one-half of the property, that such half was not includable in the husband's estate. The instant trust had a totally opposite effect and involves a transmutation of the wife's vested one-half interest in community property so as to constitute that property the separate property of the husband and exclusively within his dominion and control as heretofore found. The contention of the United States in *Goodyear* was that the said wife's one-half should be included in the husband's gross estate for estate tax purposes because of the management and control which he was entitled to exercise over community property under California Civil Code § 172. Section 172 is not the basis for the Court's holding in the instant case. The present holding is based on the powers as aforesaid expressly granted to the husband by the trust instrument and conferred upon him by Plaintiff as a result of her consent and approval.

6. Any conclusion of law which may be deemed to be or is a finding of fact, is adopted as a finding of fact.

7. Defendant is entitled to a Summary Judgment against Plaintiff.